UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL T. CONDON,<br><br>               Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br> Commissioner of Social Security,<br><br>               Defendant. | Civil No. 08-142 (JRT/FLN)<br><br>**ORDER ADOPTING THE REPORT<br>AND RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Neut L. Strandemo, **STRANDEMO SHERIDAN & DULAS, PA**, 1380 Corporate Center Curve, Suite 320, Eagan, MN 55121, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

The Commissioner of Social Security denied plaintiff Daniel T. Condon's application for a period of disability and disability insurance benefits. After exhausting his administrative remedies, Condon sought judicial review of the Commissioner's decision. The case is now before the Court on the parties' cross-motions for summary judgment. In a Report and Recommendation filed on November 13, 2008, United States Magistrate Judge Franklin L. Noel recommended that this Court deny Condon's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. Condon filed objections to the Report and Recommendation, which the Court reviews *de novo*, 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR. 72.2. For the reasons stated below, the Court overrules Condon's objections and adopts the Report and Recommendation.

# BACKGROUND[1]

## I. MEDICAL HISTORY AND HEARING BEFORE THE ADMINISTRATIVE LAW JUDGE

On October 24, 2005, Condon applied for a period of disability and disability insurance benefits, with a disability onset date of November 2004. Condon was last insured on March 31, 2005, and his past relevant work experience included work as an aircraft mechanic, supervision of loading and unloading, and as a forklift operator. Condon's other activities included working eight hours per week at the Veteran's Home, playing bingo, and writing.

The Social Security Administration denied Condon's disability benefits application initially on January 7, 2006, and on reconsideration on March 8, 2006. Condon filed a request for a hearing, which was held before an Administrative Law Judge ("ALJ") on May 21, 2007. On August 23, 2007, the ALJ denied Condon's application, finding that Condon was not disabled as defined in the Social Security Act. The ALJ further determined that Condon's residual functional capacity ("RFC") prevented him from performing his past relevant work, but concluded that Condon could perform a significant number of jobs in the national economy. The Appeals Council denied Condon's request for review, making the decision of the ALJ the final decision of the Commissioner. 42 U.S.C. § 405(g); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992).

---

[1] The facts are repeated below only to the extent necessary to rule on defendant's objections. A more comprehensive statement of facts can be found in the Magistrate Judge's Report and Recommendation. (Docket No. 16.)

Condon, who was fifty-two years old at the time of the hearing before the ALJ, has a significant medical history. In March 2003, Condon was diagnosed with major depressive disorder and alcohol independence, and has received treatment for his alcohol dependence through the Veteran's Administration Medical Center. On December 15, 2004, after an orthopedic consultation for pain and stiffness in his right shoulder, Condon was diagnosed with a sprained rotator cuff and acromioclavicular joint arthritis. Condon had neck surgery for pain in his neck and right shoulder in August 2005, and "tolerated the procedure well without any complications." (Tr. 167.)

After Condon applied for disability benefits, Dr. Aaron Mark, a State Agency medical consultant, reviewed the medical evidence in January 2006 and concluded that Condon could perform light work, lifting up to twenty pounds, and sit and/or stand or walk for up to six hours each day. Dr. Greg Salmi, another State Agency medical consultant, reviewed the same evidence in March 2006 and agreed with Dr. Mark's assessment that Condon was capable of light work.

In May 2006, after Condon's disability benefits application was denied, Condon underwent a second surgery on his neck. Moreover, in October and November 2006, Condon was diagnosed with recurrent cellulitis/phlebitis with chronic venous insufficiency and was advised to wear compression stockings and elevate his legs throughout the day.

At the hearing before the ALJ on May 21, 2007, Condon testified that he suffered from spinal stenosis of the neck and had limitation of motion and pain. Condon also stated that he had difficulty swallowing, experienced right shoulder pain, and could write

or work for only fifteen minutes at a time before getting sharp pains in his neck.  Condon further noted that he experiences side effects from taking pain medication, including an inability to concentrate, write, or use a phone.  Medical expert Dr. Joseph Horozaniecki also testified that Condon had cervical foraminal stenosis on the right side, causing upper neck and upper extremity pain, and that Condon has right shoulder pain due to rotator cuff tendonitis.  Further, Dr. Horozaniecki testified that plaintiff had chronic venous insufficiency in his legs, and had at least four episodes of cellulitis, starting in January 2005.  As a result, Dr. Horozaniecki opined that Condon's condition medically equaled Listing 4.11(B), which is met "when an individual's chronic venous insufficiency has resulted in superficial varicosities, stasis dermatitis and recurrent or persistent ulceration which has not healed following at least three months of prescribed medical or surgical therapy." (Tr. at 16.)  Finally, Vocational Expert L. David Russell testified that Condon would be able to perform about 50,000 bench assembly jobs, which would allow sitting and elevation of Condon's legs during the day.

## II.   THE ADMINISTRATIVE LAW JUDGE'S DECISION

To determine whether Condon was disabled, the ALJ followed the five-step analysis promulgated under 20 C.F.R. § 404.1520.  First, the ALJ determined that Condon had not been engaged in substantial gainful activity since the alleged onset date of his disability.  Next, the ALJ found that Condon was severely impaired by cervical degenerative disc disease, obstructive sleep apnea, obesity, alcohol abuse, and major depressive disorder.  The ALJ also stated that Condon "has also been assessed with

chronic venous deficiency which has resulted in recurrent cellulitis of the lower extremities." (Tr. at 16.)

In the third step of the analysis, the ALJ compared Condon's severe impairment with the impairments listed in Appendix 1, Subpart P of 20 C.F.R. § 404. The ALJ declined to place significant weight on Dr. Horozaniecki's opinion because it was "inconsistent with the overall objective evidence of the record." (*Id.*) Although Condon suffered one episode of cellulitis (in January 2005) before the date he was last insured, the ALJ found that there was no evidence that the cellulitis "was a recurrent condition at the time, and the record demonstrates that [Condon's] condition was successfully treated in 5 to 7 days with antibiotics." (*Id.*) Thus, the ALJ concluded, based on a review of the evidence and testimony of the medical expert, that Condon did not have a recurrent impairment that met or equaled the criteria of Listing 4.11(B). (*Id.*)

In the fourth step, the ALJ considered whether Condon has the residual functional capacity to perform his past relevant work or, as the fifth step provides, whether Condon could perform any other work. Based on the medical evidence and testimony, and giving significant weight to Dr. Mark's opinion, the ALJ determined that Condon had the RFC for light work, with the ability to lift twenty pounds occasionally and ten pounds frequently, and with the ability to stand or walk and sit up to six hours in an eight-hour workday. The ALJ also concluded, based on Condon's age, education, work experience, and RFC, and based on the testimony of the vocational expert, that Condon was capable of performing bench assembly jobs, with 50,000 such jobs existing in the state of

Minnesota, alone. (Tr. at 23.) Accordingly, the ALJ found that Condon was not under a disability as defined in the Social Security Act.

Condon brought this action in federal court seeking judicial review of the Commissioner's final decision, and thereafter moved for summary judgment, raising four issues: (1) whether the ALJ's decision was based on substantial evidence on the record as a whole; (2) whether the ALJ erred in not accepting the medical expert's opinion; (3) whether the ALJ incorrectly gave Condon a light work RFC; and (4) whether the ALJ failed to consider the side effects of Condon's medications. The Commissioner also filed a motion for summary judgment. On November 13, 2008, the Magistrate Judge filed a Report and Recommendation, recommending that the Court deny Condon's motion, grant the Commissioner's motion, and affirm the Commissioner's decision.

## DISCUSSION

### I. STANDARD OF REVIEW

When reviewing the Commissioner's decision, the Court neither reweighs the evidence nor reviews the factual record *de novo*. *Flynn v. Chafer,* 107 F.3d 617, 620 (8th Cir. 1997). Instead, the Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Quails v. Apfel,* 158 F.3d 425, 427 (8th Cir. 1998). Substantial evidence exists if a reasonable mind would accept such evidence as adequate to support the Commissioner's conclusion. *Jackson v. Apfel,* 162 F.3d 533, 536 (8th Cir. 1998). As long as there is substantial evidence in the record supporting the Commissioner's

conclusion, the Court cannot reverse merely because it would have decided the case differently. *Roberts v. Apfel,* 222 F.3d 466, 468 (8th Cir. 2000).

## II.  OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Magistrate Judge found that the Commissioner's decision was supported by substantial evidence on the record as a whole.  In particular, the Magistrate Judge determined that substantial evidence supported the ALJ's determination that medical expert Dr. Horozaniecki's opinion should not be given significant or controlling weight. (Report and Recommendation, Docket No. 16 at 12-13.)  Moreover, the Magistrate Judge concluded that the ALJ properly considered the side effects from Condon's pain medication when determining Condon's ability to work.

### A.  Dr. Horozaniecki's Opinion : Medical Equivalence

Condon filed objections to the Report and Recommendation, which mirror arguments raised in his motion for summary judgment.  Condon first argues that the ALJ erred by failing to find that Condon medically equaled the listed impairment under 4.11(B).[2]  Specifically, Condon challenges the ALJ's failure to place significant weight on Dr. Horozaniecki's medical opinion.  Condon claims that Dr. Horozaniecki had the opportunity to review Condon's **entire** medical record, not merely half the record that Dr. Mark and Dr. Salmi reviewed, and appropriately concluded that Condon's chronic venous insufficiency equaled Section 4.11(B).

---

[2] Although Condon implies that the Magistrate Judge failed to review the Commissioner's determination of Condon's impairment as medically equal to a 4.11(B) impairment, the Magistrate Judge squarely addressed the issue in his analysis.  (Report and Recommendation, Docket No. 16 at 12-13.)

To be entitled to disability benefits, Condon must establish that he was disabled prior to the expiration of his insured status. 42 U.S.C. § 423(a)(1)(A); 20 C.F.R. §§ 404.315(a)(1), 404.320(b)(2); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). Section 4.11(B) is met when an individual's chronic venous insufficiency has resulted in varicosities, dermatitis, and recurrent ulceration that has not healed following at least three months of prescribed medical or surgical therapy. 20 C.F.R. § 404.1256 provides the criteria for determining medical equivalence to that listed impairment.

Condon argues that the ALJ ignored 20 C.F.R. § 404.1256, Social Security Ruling 96-6P, and relevant Eighth Circuit law, although Condon does not specify to which Eighth Circuit law he refers. SSR 96-6P states that "the judgment of a physician designated by the Commissioner on the issue of equivalence . . . must be received into the record as expert opinion evidence and given appropriate weight." Condon, however, does not ask the Court to review whether the ALJ gave Dr. Horozaniecki's opinion "appropriate weight." Rather, Condon asks the Court to reweigh the evidence.

Here, the administrative record indicates that Condon only experienced cellulitis once before his date last insured, March 31, 2005, and was treated for five to seven days with antibiotics. Further, the ALJ found that the objective evidence in the record did not support a finding that Condon's chronic venous insufficiency medically equaled Section 4.11(B) because there was no evidence that the cellulitis was a recurrent condition on the last insured date. Indeed, Condon was not advised to wear compression stockings until November 6, 2006, a year and a half after his date last insured.

Review of the ALJ's factual determinations is deferential, and the Court will not re-weigh the evidence or review the factual record de novo. *See Flynn v. Chater*, 107 F.3d at 620 (8th Cir. 1997). It is apparent from the disability adjudication that the ALJ carefully considered Dr. Horozaniecki's opinion that Condon's impairment medically equaled Section 4.11(B). Based on the substantial evidence on the record, the Court finds that the ALJ did not err by giving Dr. Horozaniecki's opinion significantly less weight because the equivalence opinion was inconsistent with the overall objective evidence in the record and was contrary to the opinions of Dr. Mark and Dr. Salmi.

### B.    Dr. Horozaniecki's Opinion: Condon's RFC

Condon also argues that the ALJ improperly failed to find that Condon's RFC was sub-sedentary. In the fourth and fifth steps of the disability evaluation process, the ALJ must determine whether a claimant has the RFC to perform past relevant work or any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The ALJ concluded that Condon had the RFC to perform light work, "defined as lifting 20 pounds occasionally and 10 pounds frequently and can stand and/or walk up to six hours and sit up to six hours in an eight-hour workday with a sit/stand option and the opportunity to elevate his legs when seated." (Tr. 17.) In so holding, the ALJ placed "significant weight on Dr. Mark's opinion, as he had the opportunity to review claimant's medical record, providing him with the longitudinal knowledge of the claimant's impairments and placing him in a good position to assess his resulting limitations." (Tr. 20.)

In his objections, Condon cites *Leitzke v. Callahan*, 986 F. Supp. 1216, 1227 (D. Minn. 1997), for the proposition that "to preclude the [medical expert] from determining a date of onset, when the [medical expert] has expressed no inability to do so is sufficient error to recommend reversal."  Condon appears to argue that the ALJ's failure to place significant weight on Dr. Horozaniecki's opinion that Condon had a sub-sedentary RFC prior to his date last insured represents reversible error as outlined in *Leitzke*.  *Leitzke*, however, dealt with the disability onset dates.  Condon conceded at the administrative hearing that his onset date was November 2004.  (Pl.'s Supp. Mem., Docket No. 9 at 2.)

In sum, Condon simply asks the Court to reweigh the evidence, already before the ALJ, from all physicians regarding Condon's RFC.  The Court, however, may not do so and finds that substantial evidence on the record as a whole supports the ALJ's decision as to Condon's RFC.

### C.     Evidence of the Side Effects of Plaintiff's Narcotic Pain Medication

Condon also argues that the ALJ erred by disregarding evidence of the side effects of Condon's narcotic pain medication.  Condon points to evidence from the administrative hearing in which Condon described the side effects he experienced when taking the medication: "Well, I can't concentrate.  I can't write.  I can't, I'm not thinking right.  You know, I won't use the phone."  (Tr. at 808-09.)

The ALJ was obligated to consider the side effects from Condon's medication when making the disability determination, along with other considerations such as the Condon's daily activities and the duration, frequency, and intensity of pain related to the

disability. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In fact, the ALJ questioned Condon about those side effects at the hearing and stated in the disability adjudication that he considered the side effects in arriving at a final decision, (Tr. at 17-18, 809).

The ALJ is required to make an express credibility determination explaining why he did not fully credit Condon's complaints. *See Ghant v. Bowen*, 930 F.2d 633, 637 (8th Cir. 1991). The ALJ may not discount a claimant's complaints solely on the basis of personal observations, but the complaints may be discounted based on inconsistencies in the record as a whole. *Polaski*, 739 F.2d at 1322. Further, the ALJ must adequately explain and support his credibility determinations. *Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000).

In assessing the credibility of Condon's statements, the ALJ concluded that the objective evidence of the record did not support Condon's assertions of disability. Specifically, the ALJ noted that in October 2005, Condon stated that he was concerned he was not getting enough pain medication. (Tr. at 18, 223.) The ALJ further noted Condon's ability to perform daily activities, including bathing and making his bed every day, (Tr. at 429); doing laundry once a week, (*id.*); attending church services once a week (*id.*); and enjoying leisure activities, (Tr. at 397). Finally, Condon had also testified that he worked at the Veteran's Home, played bingo, and wrote short stories every day. (Tr. 801-02, 804.)

Although Condon's testimony suggests that he has significant side effects from his medication and that his daily activities are painful and exhausting, (Tr. at 807-08), the

ALJ clearly considered such evidence and Condon does not point to any evidence that the ALJ failed to consider. Again, Condon asks the Court to reweigh evidence that was originally before and considered by the ALJ, but substantial evidence on the record as a whole supports the ALJ's decision.

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge, denies Condon's motion for summary judgment, grants the Commissioner's motion for summary judgment, and affirms the decision of the Commissioner.

### ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 18] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated November 13, 2008, [Docket No. 16]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Plaintiff Daniel T. Condon's Motion for Summary Judgment [Docket No. 8] is **DENIED**.

2.     Defendant Michael J. Astrue's Motion for Summary Judgment [Docket No. 11] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2009  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge